IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ONDRA GWINN,

        Petitioner,        No. CIV S-11-2786 EFB P

  vs.

GARY SWARTHOUT,

        Respondent.        <u>ORDER</u>

_____/

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. He challenges the decision of the California Board of Parole Hearings ("Board") to deny him parole at a parole consideration hearing held on December 1, 2010. Pet. at 1. Petitioner claims that the Board's 2010 decision violated his right to due process because the Board used "unfair procedures" to deny him parole. He also claims that the Board's decision to deny parole for three years pursuant to Marsy's Law violated the Ex Post Facto Clause. *Id.* at 1, 3. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to petitioner's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

Petitioner seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a).

////

Examination of the *in forma pauperis* affidavit reveals that petitioner is unable to afford the costs of suit. Therefore, the request will be granted. *See* 28 U.S.C. § 1915(a). However, for the reasons explained below, the court finds that petitioner's application for a writ of habeas corpus must be dismissed. *See* Rule 4, Rules Governing § 2254 Cases (requiring summary dismissal of habeas petition if, upon initial review by a judge, it plainly appears "that the petitioner is not entitled to relief in the district court").

**I.     Due Process Claim**

Petitioner claims that the state court rulings upholding the Board's 2010 decision that he was unsuitable for parole "were objectively unreasonable because they allowed the Board to use unfair procedures, which undermines the Due Process Clause requirement." Pet. at 1. Petitioner explains that the Board's decision "is based on unfair procedures; including underground regulations," and that "such arbitrary conduct undermines the Due Process Clause's requirement of fair procedures." *Id.* at 3. He claims, in general, that the criteria utilized by the Board to deny parole is arbitrary and unauthorized by California law, thereby violating the federal constitutional requirement that procedures for parole suitability hearings be "fair." *Id.* at 9. Petitioner also claims that the Board's reliance on a 2010 psychological evaluation to deny him parole violated his right to due process because the evaluation was based on "inappropriate assessment tools." *Id.* at 11. Although petitioner "cautions the Court that this petition does not challenge the some evidence requirement," *id.* at 1, petitioner is essentially claiming that the Board's unfavorable suitability decision violated his right to due process because it was not supported by sufficient evidence that petitioner poses a current danger to society if released from prison. *Id.* at 4-14.

Under California law, a prisoner is entitled to release unless there is "some evidence" of his or her current dangerousness. *In re Lawrence*, 44 Cal. 4th 1181, 1205-06, 1210 (2008); *In re Rosenkrantz*, 29 Cal. 4th 696, 651-53 (2002). According to the United States Supreme Court, however, federal habeas review of a parole denial is limited to the narrow question of whether a

2

petitioner has received "fair procedures." *Swarthout v. Cooke*, 526 U.S. __, ___, 131 S.Ct. 859, 862 (2011). In other words, a federal court may only review whether a petitioner has received a meaningful opportunity to be heard and a statement of reasons why parole was denied. *Id.* (federal due process satisfied where petitioners were "allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied"). Thus, this court may not review whether the Board correctly applied California's "some evidence" standard. *Id.* at 861.

Petitioner does not allege that he was not afforded constitutionally adequate process as defined in *Swarthout*--that is, that he was denied a meaningful opportunity to be heard or a statement of reasons why the Board denied him parole. Rather, it appears from the petition that petitioner was given the opportunity to be heard at his 2010 parole suitability hearing and received a statement of the reasons why parole was denied. *See* Pet., Ex. D at 4-101 (reflecting both petitioner's participation in the hearing and the Board's reasons for denying parole). This is all that due process requires. *Swarthout*, 131 S.Ct. at 862-63. Accordingly, petitioner is not entitled to relief on his due process claim.

## II.   Ex Post Facto Claim

Petitioner claims the Board violated the Ex Post Facto Clause by denying him parole for three years pursuant to Marsy's Law. Pet. at 14-16. As discussed below, the court finds this claim should be dismissed because petitioner is already a member of a class action – *Gilman v. Fisher*, No. Civ. S-05-830 LKK GGH – which addresses this issue.[1]

Marsy's Law, approved by California voters in November 2008, amended California's law governing parole deferral periods. *See Gilman v. Davis*, 690 F. Supp. 2d 1105, 1109-13 (E.D. Cal. 2010) (granting plaintiffs' motion for preliminary injunction to enjoin enforcement of Marsy's Law, to the extent it amended former California Penal Code section 3041.5(b)(2)(A)),

---

[1] A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

3

*rev'd sub nom. Gilman v. Schwarzenegger*, 638 F.3d 1101 (9th Cir. 2011).  Prior to Marsy's Law, the Board deferred subsequent parole suitability hearings to indeterminately-sentenced inmates for one year unless the Board determined it was unreasonable to expect that parole could be granted the following year, in which case the Board could defer the subsequent parole suitability hearing for up to five years.  Cal. Pen. Code § 3041.5(b)(2) (2008).  Marsy's Law, which applied to petitioner at his 2010 parole suitability hearing, amended section 3041.5(b)(2) to impose a minimum deferral period of three years, and to authorize the Board's deferral of a subsequent parole hearing for up to seven, ten, or fifteen years.  *Id.* § 3041.5(b)(3) (2010).

The Constitution provides that "No State shall . . . pass any . . . ex post facto Law."  U.S. Const. art. I, § 10.  A law violates the Ex Post Facto Clause of the United States Constitution if it: (1) punishes as criminal an act that was not criminal when it was committed; (2) makes a crime's punishment greater than when the crime was committed; or (3) deprives a person of a defense available at the time the crime was committed.  *Collins v. Youngblood*, 497 U.S. 37, 52 (1990).  The Ex Post Facto Clause "is aimed at laws that retroactively alter the definition of crimes or increase the punishment for criminal acts."  *Himes v. Thompson*, 336 F.3d 848, 854 (9th Cir. 2003) (quoting *Souch v. Schaivo*, 289 F.3d 616, 620 (9th Cir. 2002)).  *See also Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 504 (1995).  The Ex Post Facto Clause is also violated if: (1) state regulations have been applied retroactively; and (2) the new regulations have created a "sufficient risk" of increasing the punishment attached to the crimes.  *Himes*, 336 F.3d at 854.  The retroactive application of a change in state parole procedures violates ex post facto only if there exists a "significant risk" that such application will increase the punishment for the crime.  *See Garner v. Jones*, 529 U.S. 244, 259 (2000).

In a class action for injunctive relief certified under Rule 23(b)(2) of the Federal Rules of Civil Procedure, a court may, but is not required, to permit members to opt-out of the suit.  *Crawford v. Honig*, 37 F.3d 485, 487 n.2 (9th Cir. 1994).  In certifying the *Gilman* class, the district court found that plaintiffs satisfied Rule 23(a) and Rule 23(b)(2)'s requirement that "the

party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." *See Gilman v. Fisher*, No. Civ. S-05-830 LKK GGH ("*Gilman*"), Dckt. No. 182 (March 4, 2009 Order certifying class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure), Dckt. No. 257 (June 3, 2010 Ninth Circuit Court of Appeals Memorandum affirming district court's order certifying class). According to the district court in *Gilman*, its members "may not maintain a separate, individual suit for equitable relief involving the same subject matter of the class action." *Gilman*, Dckt. No. 296 (December 10, 2010 Order) at 2; *see also* Dckt. No. 278 (October 1, 2010 Order), Dckt. No. 276 (September 28, 2010 Order), Dckt. No. 274 (September 23, 2010 Order).

One of the plaintiffs' claims in *Gilman* is that Marsy's Law's amendments to section 3041.5(b)(2) regarding parole deferral periods violates the Ex Post Facto Clause because "when applied retroactively, [they] create a significant risk of increasing the measure of punishment attached to the original crime." *Gilman*, Dckt. No. 154-1 (Fourth Amended/Supplemental Complaint), Dckt. No. 183 (March 4, 2009 Order granting plaintiff's motion for leave to file Fourth Amended/Supplemental Complaint). With respect to this ex post facto claim, the class in *Gilman* is comprised of "all California state prisoners who have been sentenced to a life term with possibility of parole for an offense that occurred before November 4, 2008." *Gilman*, Dckt. No. 340 (April 25, 2011 Order amending definition of class). The *Gilman* plaintiffs seek declaratory and injunctive relief, including a permanent injunction enjoining the Board from enforcing Marsy's Law's amendments to section 3041.5(b) and requiring that the Board conduct a new parole consideration hearing for each member of the class. *Gilman*, Dckt. No. 154-1 (Fourth Amended/Supplemental Complaint) at 14.

Here, petitioner alleges he is a California state prisoner who was sentenced to a life term with the possibility of parole for an offense that occurred before November 4, 2008. Pet. at 1.
////

Accepting petitioner's allegations as true, he is a member of the *Gilman* class.  Petitioner asks the court to issue a writ of habeas corpus, but even if the court found that the Board's three-year deferral of petitioner's next parole suitability hearing violated the Ex Post Facto Clause, it would not entitle petitioner to release on parole.  Because the ex post facto claim concerns only the *timing* of petitioner's next suitability hearing, success on this claim would not necessarily result in determinations that petitioner is suitable for parole and should be released from custody.  Rather, petitioner's equitable relief would be limited to an order directing the Board to conduct a new parole suitability hearing and enjoining the Board from enforcing any unconstitutional provisions of Marsy's Law.  This is the same relief petitioner would be entitled to as a member of the *Gilman* class action.  *See Gilman*, Dckt. No. 154-1 (Fourth Amended/Supplemental Complaint) at 14.

Accordingly, the court finds that petitioner's rights will "be fully protected by his participation as a class member" in *Gilman*, and will therefore dismiss petitioner's ex post facto claim.  *See Crawford v. Bell*, 599 F.2d 890, 892 (9th Cir. 1979); *see also McNeil v. Guthrie*, 945 F.2d 1163, 1165 (10th Cir. 1991) ("Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action."); *Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir. 1988) (per curiam) ("To allow individual suits would interfere with the orderly administration of the class action and risk inconsistent adjudications.").

### III.    Conclusion

Based on the foregoing, the court concludes that the petition should be summarily dismissed for failure to state a cognizable claim.  There is no basis for concluding that a tenable claim for relief could be pleaded if leave to amend were granted.  *See Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted).
////

6

1  Accordingly, it is hereby ORDERED that:

2  1. Petitioner's request for leave to proceed *in forma pauperis* is granted;

3  2. Petitioner's application for a writ of habeas corpus is dismissed;

4  3. The Clerk is directed to close the case;

5  4. The Court declines to issue a certificate of appealability; and

6  5. The Clerk of the Court shall serve a copy of this order together with a copy of petitioner's October 21, 2011 petition for a writ of habeas corpus with any and all attachments on Michael Patrick Farrell, Senior Assistant Attorney General for the State of California.

DATED: December 20, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE